# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**TAMMY REINHARDT,**                                                                 **Plaintiff**

**v.**                                                          **Case No. 3:16-cr-483-DJH-CHL**

**USER-FRIENDLY PHONEBOOK, LLC, et al.,**                                          **Defendants**

## MEMORANDUM OPINION AND ORDER

On May 4, 2017, Defendant User-Friendly Phone Book, LLC ("User-Friendly") moved for leave to amend its answer and to assert counterclaims against the Plaintiff, Tammy Reinhardt. (DN 17.) User-Friendly attached a proposed amended answer for the Court's review. (DN 17-1.)

User-Friendly's proposed amended answer asserts a set-off defense. (DN 17-1, ¶ 106.) User-Friendly asserts counterclaims against Reinhardt for breach of contract and tortious interference with business advantage or relationship. (DN 17-1 ¶¶ 14 – 19.) User-Friendly seeks injunctive relief and damages, including punitive damages. (DN 17-1, #140 – 41.)

Reinhardt did not respond to User-Friendly's motion, and the time for responding has passed. *See* L.R. 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion.")

Rule 15 governs amendments. If the opposing party does not consent to the amendment, a party may only amend with leave of Court. Fed. R. Civ. P. 15(a)(2). The Court should "freely give leave when justice so requires." *Id.*

Rule 16 governs the Court's scheduling order. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case

management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). On the other hand, delay alone is not enough to bar amendment, unless the opposing party shows prejudice. *See Moore v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1986).

If a party seeks leave to amend after the amendment deadline has passed, the Court first considers whether to modify the scheduling order under Rule 16(b)(4) before deciding whether leave to amend is appropriate under Rule 15(a)(2). *Leary v. Daeschner,* 349 F.3d 888, 909 (6th Cir. 2003). Thus, the party seeking leave to amend after the amendment deadline must show good cause to modify the amendment deadline. *Id*. The Court must also determine the potential prejudice to the nonmovant in deciding whether to amend a scheduling order. *Id.*

The parties' deadline for amending pleadings was February 24, 2017. (DN 14.) User-Friendly acknowledges that it moved to amend after the amendment deadline passed. (DN 17, #116.) User-Friendly argues that once it discovered the grounds for its proposed counterclaims at Reinhardt's April 7, 2017 deposition, it acted diligently in filing this motion about two weeks after receiving the deposition transcript. (*Id.*) Additionally, User-Friendly argues that Reinhardt will not be prejudiced by its amendment because "Reinhardt has not yet expended significant resources prosecuting her existing claims. To date, Reinhardt has not served Defendant with any written discovery and has not conducted any depositions." (*Id.*, #115.)

The Court finds that User-Friendly has shown good cause to amend the Court's scheduling order. Reinhardt has not disputed User-Friendly's assertions that it has acted diligently in pursuing its counterclaims since April 7 when it says it discovered the basis for the counterclaims. The Court finds no prejudice to Reinhardt as a result of modifying the scheduling order. Reinhardt has not disputed User-Friendly's assertions that she has not served any written discovery or conducted any depositions.

The Court finds that justice requires granting leave to amend. Reinhardt has not opposed User-Friendly's motion, much less argue that leave to amend should be denied for undue delay or futility.

The Court **GRANTS** User-Friendly's motion for leave to amend its answer (DN 17). User-Friendly's proposed amended answer (DN 17-1) is **DEEMED FILED** in the record of this action.